*Ryals & Anderson,* contra.

---

## EXCHANGE BANK *v.* HORNE-ANDREWS COMMISSION COMPANY.

PER CURIAM. A petition alleged the following, in substance: Petitioner, being engaged in the warehouse business and selling cotton for its customers, sold specified cotton for which the purchaser, on delivery, delivered his checks on a bank for stated amounts. The purchaser resold the cotton, delivered it to a common carrier, and received an order-notify bill of lading. The second purchaser gave his draft on the person to be notified, "for the full value and purchase-money" of the cotton, which was attached by the first purchaser to the bill of lading. The bank declined to pay the checks unless the drawer deposited the bill of lading for the cotton with draft attached, and subsequently the draft with bill of lading attached was deposited in the bank by the first purchaser, with direction to apply the proceeds to payment of the checks. With full knowledge that the purchase-price of the cotton had not been paid, the bank collected the draft and applied

the proceeds thereof to a past-due indebtedness of the depositor. Subsequently petitioner again presented the checks, and payment thereof was refused. The conduct of the bank in receiving the draft and applying the proceeds thereof as indicated above was in bad faith, and under the circumstances amounted to a conversion of the property of petitioner. Upon the facts alleged the bank is liable to the petitioner in damages to a stated amount (which was the same as specified in the checks), and also for punitive damages and attorney's fees. The prayers were that petitioner be allowed to recover from the bank the several amounts as indicated, and for process. On the trial there was evidence as to the several sales as alleged, the issuance of the checks to petitioner, and the refusal by the bank to pay them. The ground of refusal was that the drawer did not have funds in bank to be checked against, but was indebted to the bank to a large amount as by overdraft. The bill of lading included the cotton sold by petitioner with a large number of other bales, and the draft was for the amount agreed to be paid for all the cotton. The draft was credited to the account of the payee thereof, but did not cover the overdraft. There was a conflict in the evidence as to whether the bank knew that the draft and bill of lading covered the cotton sold by petitioner. Petitioner paid his customer for the cotton. Upon the conclusion of the evidence the judge directed a verdict for the plaintiff for the amount of the checks, with interest thereon, and submitted to the jury the question as to attorney's fee, on which there was a finding adverse to the plaintiff. The exception is to a judgment overruling the demurrer, and to the refusal of a new trial. *Held:*

1. Properly construed, the action is not upon the contract.
2. In the absence of special demurrer to the allegation that the plaintiff was a warehouseman engaged in the business of selling cotton for its customers, and in view of the other allegations, the sale of the cotton will be held as being charged to have been by the plaintiff as a commission merchant, so as to bring the transaction within the purview of the Civil Code (1910), § 4126, which provides that where cotton is sold by a planter or commission merchant for cash, the title does not pass to the buyer until the cotton is actually paid for. Thus construed, the petition sets forth a cause of action for conversion of the cotton.
3. The testimony to which objection was taken in grounds one and two of the amended motion for new trial was irrelevant to the case as made by the petition.
4. Upon the question whether the plaintiff was a commission merchant as contemplated by the statute, the evidence was equivocal. On other material issues the evidence was conflicting. It was therefore erroneous to direct a verdict for the plaintiff.

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 23, 1916.

Action for damages. Before Judge Park. Baldwin superior court. March 23, 1915.

*Hines & Vinson,* for plaintiff in error. *Allen & Pottle,* contra.